DECISION. *Page 2 
{¶ 1} Michael Lyons was charged with attempted drug possession, in violation of R.C. 2923.02. Lyons filed a motion to dismiss on the ground that the charge violated the constitutional prohibition against double jeopardy. The trial court agreed and dismissed the charge. In its sole assignment of error, the state of Ohio now argues that the trial court erred by dismissing the charge.
 Two Citations {¶ 2} After midnight on February 4, 2006, Cincinnati Police Sergeant Bill Halusek saw Lyons stop his car at a curb on Findlay Street in downtown Cincinnati. As Lyons stopped, a man named Terrance Welch leaned into the passenger-side window of Lyons' car.
 {¶ 3} Halusek and another officer drove alongside Lyons' car and stopped. As Halusek got out of his car, he heard Welch say to Lyons that if Lyons really wanted "dog" (heroin), he could get it, but that he had some really good "melt" (cocaine).
 {¶ 4} As Halusek approached Welch, Welch dropped some cocaine on the ground and stepped on it. The officers searched Lyons' car and found a cigarette laced with cocaine on the floorboard.
 {¶ 5} Lyons explained to Halusek that he was in the area because his son had called and asked to be picked up from a nearby park. Lyons said that he had stopped the car and was looking for his son when Welch, a man whom he did not know, came up to the car and tried to sell him drugs. Lyons denied that he had been attempting to purchase drugs. *Page 3 
 {¶ 6} Lyons was cited for attempted drug possession and for violating Cincinnati Municipal Code (CMC) 759-4, which prohibits the use of a motor vehicle to facilitate the commission of a drug or sex offense. Lyons' car was impounded.
 {¶ 7} After a hearing conducted on the violation of the city ordinance, an administrative hearing examiner concluded that the city had presented sufficient evidence to establish that Lyons had violated CMC 759-4. Lyons was ordered to pay a $500 fine, as well as towing and storage costs.
 Double Jeopardy {¶ 8} Section 10, Article I of the Ohio Constitution provides that "[n]o person shall be twice put in jeopardy for the same offense." The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb" and is applicable to the states through the Fourteenth Amendment.[1] The protections afforded by the clauses are coextensive.[2]
 {¶ 9} Legislatures may provide both a criminal sanction and a civil sanction for the same conduct.[3] The Double Jeopardy Clause of each constitution prohibits the government from "punishing twice, or attempting a second time to punish criminally, for the same offense."[4] In other words, the clauses protect against the imposition of multiple criminal punishments for the same offense.[5] *Page 4 
 {¶ 10} The determination of whether a sanction is criminal or civil under a double-jeopardy analysis is a matter of statutory construction for which courts employ a two-part test reiterated by the United States Supreme Court in Hudson v. United States.[6] First, a court must determine "whether the legislature, `in establishing the penalizing mechanism, indicated either expressly or impliedly a preference for one label or the other.'"[7] Second, even in those cases where the legislature " `has indicated an intention to establish a civil penalty, we have inquired further whether the statutory scheme was so punitive either in purpose or effect,' * * * as to `transform what was clearly intended as a civil remedy into a criminal penalty.'"[8]
 Application of the Hudson Test {¶ 11} CMC 759-4 provides as follows: "No person shall operate or use or permit another to operate or use a motor vehicle to facilitate the commission or attempted commission of a crime involving the possession, delivery, transportation, purchase or sale of illegal drugs pursuant to Ohio Revised Code §§ 2925.03, 2925.09, 2925.11, 2925.32 or 2925.37, or pursuant to Cincinnati Municipal Code §§ 601-23 or 910-23. Violation of this section is a Class D Civil Offense as defined by Cincinnati Municipal Code § 1501-9(b); and a person who violates this section is liable for the civil fine specified in § 1501-99 for a Class D Civil Offense." *Page 5 
 A. Legislative Intent {¶ 12} It is evident that the city intended the money penalties imposed for violations of CMC 759-4 to be civil in nature. The ordinance itself expressly provides that such violations are "civil offenses." Further, the fact that the city's Office of Administrative Hearings, an administrative body, is empowered to conduct hearings when a person contests the commission of an offense "is prima facie evidence that [the city] intended to provide for a civil sanction."[9]
 B. Purpose or Effect {¶ 13} Even though the city expressed an intention to establish a civil penalty, we must consider whether the penalty is so punitive as to be criminal in nature. "'[O]nly the clearest proof will suffice to override the legislative intent and transform what has been denominated a civil remedy into a criminal penalty."[10]
 {¶ 14} In making this determination, we are guided by the factors set forth by the United States Supreme Court in Kennedy v.Mendoza-Martinez:[11] "[1] [w]hether the sanction involves an affirmative disability or restraint, [2] whether it has historically been regarded as a punishment, [3] whether it comes into play only on a finding of scienter, [4] whether its operation will promote the traditional aims of punishment — retribution and deterrence, [5] whether the behavior to which it applies is already a crime, [6] whether an alternative purpose to which it may rationally be connected is assignable for it, and [7] whether it appears excessive in relation to the alternative purpose assigned."[12] *Page 6 
 {¶ 15} Several of the Kennedy factors lead us to conclude that the sanctions authorized for a violation of CMC 759-4 do not constitute criminal punishment for double-jeopardy purposes. Neither the ordinance's fine nor its impoundment penalty constitutes an affirmative disability or restraint, "certainly nothing approaching the `infamous punishment' of imprisonment."[13] Moreover, fines[14] and impoundment[15] have not historically been viewed as punishment.
 {¶ 16} While the imposition of either penalty might deter others from violating the ordinance, "a traditional goal of criminal punishment[,] * * * the mere presence of this purpose is insufficient to render a sanction criminal, as deterrence `may serve civil as well as criminal goals.'"[16]
 {¶ 17} Significantly, the ordinance is reasonably related to its nonpunitive goal of promoting public safety. The city enacted the ordinance following its determination that persons who used vehicles to facilitate drug or sex crimes posed "a significant threat to the quality of life in Cincinnati's neighborhoods and [were] a detriment to the public's health, welfare and safety."[17]
 {¶ 18} Finally, the means chosen to meet the ordinance's nonpunitive goals are reasonable. The city determined that the "[r]emoval of the resources and instrumentalities" of those who commit drug or sex offenses would contribute to [the city's] efforts to promote public health and safety.[18] Thus, we cannot say that the *Page 7 
penalties imposed by the ordinance are excessive in relation to the danger posed by those using motor vehicles for drug and sex crimes.
 Conclusion {¶ 19} Because CMC 759-4 was expressly intended to establish a civil penalty, and because its purpose and effect do not transform it into a criminal penalty, we hold that, for double-jeopardy purposes, the ordinance establishes a civil penalty. And Lyons' arguments do not rise to the level of the "clearest proof required to override the legislature's express intent to create a civil penalty. Accordingly, we hold that the Double Jeopardy Clause posed no bar, as a matter of state and federal constitutional law, to Lyons' prosecution for the drug offense, where Lyons had already been sanctioned for violating CMC 759-4.
 {¶ 20} The assignment of error is sustained. The judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this decision.
Judgment reversed and cause remanded.
HlLDEBRANDT, P.J., and SUNDERMANN, J., concur.
[1] Benton v. Maryland (1969), 395 U.S. 784, 794, 89 S.Ct. 2056;State v. Gustafson, 76 Ohio St.3d 425, 432, 1996-Ohio-299,668 N.E.2d 435.
[2] Gustafson, supra.
[3] Helvering v. Mitchell (1938), 303 U.S. 391, 399,58 S.Ct. 630.
[4] Id.
[5] Hudson v. United States (1997), 522 U.S. 93, 99,118 S.Ct. 488.
[6] Id., citing Helvering, supra, at 399, 58 S.Ct. 630; State v.Uskert, 85 Ohio St.3d 593, 597, 1999-Ohio-289, 709 N.E.2d 1200.
[7] Id., quoting United States v. Ward (1980), 448 U.S. 242, 248,100 S.Ct. 2636.
[8] Id. (citations omitted).
[9] Id. at 103, quoting Helvering at 402, 58 S.Ct. 630; see, also,Uskert, supra, at 598, 1999-Ohio-289, 709 N.E.2d 1200.
[10] Id. at 99, quoting Ward, supra, at 249, 100 S.Ct. 2636.
[11] (1963), 372 U.S. 144, 168-169, 83 S.Ct. 554.
[12] Id.; see, also, Hudson, supra, at 99, 118 S.Ct. 488;Uskert, supra, at 598, 1999-Ohio-289, 709 N.E.2d 1200.
[13] Hudson, supra, at 104, 118 S.Ct. 488, citing Flemming v.Nestor (1960), 363 U.S. 603, 617, 80 S.Ct. 1367.
[14] Id. at 104, 118 S.Ct. 488.
[15] See State v. Grey (Apr. 18, 1997), 2nd Dist. No. 15690;Cuyahoga Falls v. Mathies (Sept. 18, 1996), 9th Dist. No. 17591.
[16] Hudson, supra, at 105, 118 S.Ct. 488 (citations omitted).
[17] See CMC 759-1.
[18] Id. *Page 1