OPINION
{¶ 1} Respondent-appellant Joseph Rieger appeals pro se from an order of the trial court denying his motion to seal the record of a consensual civil protection order *Page 2 
(CPO) issued against him. For the following reasons, the judgment of the trial court is affirmed.
 I {¶ 2} In 1998 petitioner-appellee Cathy Rieger sought a CPO against Mr. Rieger, to whom she had been married. With the advice of counsel, Mr. Rieger consented to the issuance of a CPO for a period of five years. One year after the CPO expired, Mr. Rieger filed a motion asking the trial court to seal the record of the CPO. The trial court denied the motion, and Mr. Rieger appealed. This court held on appeal "that the trial court erred in two respects: (1) in concluding that it required statutory authorization to seal the record of the CPO and (2) in performing an incorrect balancing test, having assumed arguendo the authority to judicially expunge the record of the CPO." Rieger v.Rieger, 165 Ohio App.3d 454, 847, 2006-Ohio-482, ¶ 47. Therefore, we remanded the cause to the trial court for a hearing on Mr. Rieger's motion.
 {¶ 3} A magistrate held a hearing in April, 2006. The following month the magistrate denied Mr. Rieger's motion to seal the record. Mr. Rieger filed timely objections and, as is common practice, sought an extension of time to file additional objections after the hearing transcript was filed. The hearing transcript was filed on July 21, 2006. Mr. Rieger did not file any additional objections. In the afternoon of August 23rd, Mr. Rieger filed a motion seeking another two months to prepare his objections. However, the trial court had already prepared its decision, which was journalized the following morning. In that decision, the trial court denied Mr. Rieger's motion to seal the record of the CPO. The following week the trial court formally overruled Mr. Rieger's motion for an extension of time, noting that while Local Rule, Mont. D.R. Rule 4.44(E) *Page 3 
allows a party to supplement his objections, the supplemental objections must be filed within fourteen days of the filing of the transcript. Ms. Rieger did not appear in the trial court in regard to the motion to seal, nor has she filed anything on her behalf in this court.
 {¶ 4} Mr. Rieger appeals pro se from the trial court's decision denying his motion to seal the CPO record. Although Mr. Rieger has not complied with App.R. 16(A) by offering a clear statement of each assignment of error, we have been able to infer them. In his brief Mr. Rieger presents ten assignments of error, labeled a-j, many of which are capable of being considered together. Therefore, we have rearranged and consolidated his arguments in order to facilitate our discussion and disposition of this appeal.
 II {¶ 5} Mr. Rieger's First Assignment of Error is as follows:
 {¶ 6} "THE TRIAL COURT ERRED IN DELAYING A RULING ON AND DENYING RIEGER'S MAY 26, 2006 REQUEST FOR AN EXTENSION OF TIME TO FILE SUPPLEMENTAL OBJECTIONS."
 {¶ 7} In his argument labeled "a", Mr. Rieger contends that the trial court erred in effectively denying his motion for an extension of time to file supplemental objections by overruling his objections before deciding the motion for an extension. Because Mr. Rieger did not file his motion for an extension in a timely manner, we conclude that the trial court did not abuse its discretion by denying the motion.
 {¶ 8} As the trial court pointed out, Local Rule, Mont. D.R. Rule 4.44(E) allows 14 days after the filing of the transcript during which to file supplemental objections. Mr. *Page 4 
Rieger filed nothing in that time. To the contrary, he waited an additional two weeks before seeking an extension of time. In the meantime, the trial court had already prepared its entry overruling Mr. Rieger's objections, which it journalized the following morning. It is unlikely that the trial court was aware of the pending motion when it journalized its entry. Nevertheless, "when a trial court does not specifically rule upon a motion, that motion is deemed to have been overruled. Dozer v. Dozer (1993), 88 Ohio App.3d 296, 303,623 N.E.2d 1272." Schultz v. Schultz, Greene App. No. 2002 CA 122, 2003-Ohio-3061, 1J25.
 {¶ 9} Because Mr. Rieger's motion for an extension was untimely, and the trial court is deemed to have overruled it by journalizing its decision to deny the motion to seal the record of the CPO, we conclude that the trial court did not abuse its discretion in denying the motion for an extension of time. Mr. Rieger's First Assignment of Error is overruled.
 III {¶ 10} Mr. Rieger's Second Assignment of Error is as follows:
 {¶ 11} "THE TRIAL COURT SUBJECTED RIEGER TO DOUBLE JEOPARDY WHEN IT DENIED HIS MOTION TO SEAL THE RECORDS OF THE CPO ISSUED AGAINST HIM."
 {¶ 12} In his Second Assignment of Error, labeled "b", Mr. Rieger argues that the trial court's decision to not seal the CPO record subjected him to double jeopardy. However, double jeopardy applies to criminal actions, not civil actions. See, e.g., State v. Lyons, Hamilton App. No. C-060448, 2007-Ohio-652 ¶¶ 8-9. As we noted in our *Page 5 
previous opinion in this case, the granting of a civil protection order is not a criminal offense. Rieger v. Rieger, 165 Ohio App.3d 454,2006-Ohio-482, ¶ 9. Accordingly, Rieger's Second Assignment of Error is overruled. IV {¶ 13} Rieger's Third, Fourth, and Sixth assignments of error are as follows:
 {¶ 14} "IN REFUSING TO SEAL THE RECORD OF THE CPO ISSUED AGAINST RIEGER, THE TRIAL COURT TREATED HIM AS IF HE HAD BEEN CONVICTED OF DOMESTIC VIOLENCE."
 {¶ 15} Rieger's Ninth and Tenth assignment of error are as follows:
 {¶ 16} "THE TRIAL COURT VIOLATED RIEGER'S RIGHT TO PRIVACY BY DENYING HIS MOTION TO SEAL THE CPO RECORD AND IN IGNORING THIS COURT'S DIRECTIVE TO DO SO."
 {¶ 17} In his arguments labeled "c," "d," and "f," Mr. Rieger maintains that in denying his motion to seal the CPO record, the trial court violated his right to privacy by impermissibly treating him as if he had been convicted of domestic violence. In arguments "i" and "j," Mr. Rieger contends that because he was not convicted of domestic violence, the trial court was required to seal the CPO record. Because the record does not support these claims, we overrule these assignments of error.
 {¶ 18} In Mr. Rieger's first appeal we held that in the absence of statutory authority, the trial court has discretion in deciding whether to seal the record of a CPO. Rieger, supra, at ¶ 50. Moreover, we specifically stated that "we take no position on how the court should decide the motion." Id. Instead, we directed the trial court to balance Mr. Rieger's interest in sealing the record against the legitimate governmental need to *Page 6 
maintain the record. Id., ¶ 44.
 {¶ 19} Following a hearing on Mr. Rieger's motion, the trial court concluded that there were no compelling or extraordinary reasons to justify sealing the record of the consensual CPO issued against Mr. Rieger. Additionally, contrary to Mr. Rieger's assertion, there is no indication in the record that the trial court, in denying the motion, made any assumptions that Mr. Rieger was guilty of domestic violence.
 {¶ 20} Rieger's Third, Fourth, Sixth, Ninth, and Tenth assignments of error are overruled.
 V {¶ 21} Mr. Rieger's Fifth and Eighth assignments of error are as follows:
 {¶ 22} "IN LEAVING THE CPO RECORD ON THE INTERNET FOR PUBLIC VIEWING, THE MONTGOMERY COUNTY CLERK OF COURTS OPENS ITSELF TO SUIT FOR LIBEL AND SLANDER." *Page 7 
 {¶ 23} In his argument labeled "h," Mr. Rieger maintains that the Montgomery County Clerk's Office is guilty of libel and slander, and in "e," Mr. Rieger threatens to sue the Montgomery County Clerk's office on that basis. These issues are beyond the scope of this appeal, which is from the trial court's refusal to seal the record of the CPO.
These assignments of error are overruled.
 VI {¶ 24} Mr. Rieger's Seventh Assignment of Error is as follows:
 {¶ 25} "THE TRIAL COURT ERRED IN REFUSING TO RECOGNIZE THE *Page 8 
DIFFICULTY THE CPO RECORD PRESENTED FOR HIM IN FINDING EMPLOYMENT."
 {¶ 26} Finally, in his Seventh Assignment of Error, labeled "g," Mr. Rieger contends that the trial court failed to recognize how difficult it was for him to find a job due to the record of the CPO being available for all to see on the internet. We disagree.
 {¶ 27} The main thrust of Mr. Rieger's testimony in the trial court is that the existence of the record of the CPO on the internet has made it difficult for him to find a job, because employers might see it when they conducted background checks. While Mr. Rieger generally insists that the internet record has made it more difficult for him to find a job, he again fails to demonstrate, as he failed to demonstrate in support of his first appeal, any clear, direct connection between the CPO record and his alleged difficulty or inability to find employment.Rieger, supra, at ¶ 20. To the contrary, the trial court noted that not only did Rieger find a job, but it was a higher paying job.
 {¶ 28} Mr. Rieger's Seventh Assignment of Error is overruled.
 VII {¶ 29} All of Mr. Rieger's assignments of error having been overruled, the judgment of the trial court is Affirmed.
 FAIN, GRADY, and DONOVAN, JJ., concur. *Page 1