[Cite as *Hashash v. Food Mart Plus, Inc.*, 2017-Ohio-1158.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104552**

## AMMAR AL HASHASH, ET AL.

PLAINTIFFS-APPELLEES

vs.

## FOOD MART PLUS, INC.

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Garfield Heights Municipal Court
Case No. CVG 1600316

**BEFORE:** Boyle, J., Keough, A.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** March 30, 2017

**ATTORNEY FOR APPELLANT**

Richard H. Drucker
820 West Superior Avenue, Suite 800
Cleveland, Ohio    44113


**ATTORNEY FOR APPELLEE**

Barry Goloboff
3659 Green Road, Suite 300
Cleveland, Ohio    44122

MARY J. BOYLE, J.:

{¶1} Defendant-appellant, Food Mart Plus, Inc. ("Food Mart"), appeals from the judgment of the Garfield Heights Municipal Court that granted a writ of restitution to plaintiffs-appellees, Ammar and Touria Al Hashash (the "Hashashes"), and denied Food Mart's motion for temporary restraining order and request for declaratory judgment. After reviewing the underlying proceedings and the law, we find no merit to the appeal and affirm the trial court's judgment.

## I.      Factual Background and Procedural History

{¶2} On February 8, 2016, the Hashashes filed a complaint against Food Mart for forcible entry and detainer of the premises located at 16477 Broadway Avenue, Maple Heights, Ohio (the "Premises") and money damages for breach of a commercial lease (the "Lease").

{¶3} On February 29, 2016, a magistrate held a hearing on the first cause for forcible entry and detainer and ordered a writ of restitution of the Premises in favor of the Hashashes, with a move-out date of March 11, 2016.

{¶4} On March 8, 2016, Food Mart filed objections to the magistrate's decision. Food Mart argued that the Hashashes failed to provide proper service of its notices. It also argued that equity demanded a continued relationship between the parties under a new lease that Food Mart signed *after* it received the notice to vacate the Premises. After a hearing, the trial court granted Food Mart's objections.

{¶5} Subsequently, Food Mart and the Hashashes entered into a written

settlement agreement. At a hearing on March 22, 2016, the trial court set forth the terms of the settlement agreement on the record with the parties present.

{¶6} Pursuant to the settlement agreement, Food Mart agreed to make certain payments to the Hashashes and agreed to vacate the Premises on or before May 22, 2016. If these conditions were met, the Hashashes agreed to dismiss the case, retain the security deposit, and waive any known claims for monies owed other than the amount set forth in the settlement agreement. If Food Mart failed to timely deposit all monies when due or failed to vacate the Premises by May 22, 2016, then the Hashashes agreed to notify the trial court in writing of the default so that the court "shall issue a writ of restitution for the premises[.]"

{¶7} On May 16, 2016, Food Mart filed its motion for temporary restraining order pursuant to Civ.R. 65(A) and request for declaratory judgment ("motion for temporary restraining order"). Food Mart argued that, pursuant to the Lease (which had expired), it had the right to sell its business and sublet or assign the Lease prior to the agreed upon move-out date of May 22, 2016. Food Mart contended that the Hashashes were interfering with this claimed right by refusing to allow a potential buyer to sublet or accept assignment of the Lease. On May 20, 2016, the Hashashes filed a motion to strike the motion for temporary restraining order, a motion for enforcement of the agreed settlement, and a motion for sanctions.

{¶8} On May 23, 2016, the trial court held a hearing on the following: (1) Food Mart's motion for a temporary restraining order, (2) Hashashes' motion to strike,

(3) the settlement agreement between the parties regarding the issuance of a writ of restitution, and (4) the disbursement of monies being held by the clerk of courts.

{¶9} At the hearing, Food Mart argued that the Lease permitted it to assign or sublet the Premises and that Food Mart has "been diligently trying to sell their business for the last 30 days." Then, "it wasn't until [the Hashashes] found out that [Food Mart was] selling that he then began to, in bad faith, negotiate to sell to that potential buyer[.]" Thus, Food Mart argued that it needed more time to sell its business or assign the Lease before moving out of the Premises.

{¶10} The Hashashes argued that, "We have a settlement. The settlement is specific as to the time, terms." And they further argued, "[T]he original lease terminated July 31st, 2015. They've had ample time to come to some decision. Their decision when we were before you last time was to move out. There was no discussion about selling their business[.]"

{¶11} After hearing the arguments of the parties, the trial court found:

This was all discussed at the last hearing. The agreement was — and it's in writing — that they would leave the property by May 22nd. And in the meantime they would make the rent deposits into the court. And they did. They did make the rent deposits into the court. But the reality is, there still is no lease. And the court can't grant rights when there is no lease.

The court further stated: "[T]here was an agreement at the last court hearing that I have to enforce." In addition, the trial court ruled, "[A]ll I can do is grant a writ. The defendant, Food Mart Plus, will have to be out by June 3rd. And if they're not out by June 3rd, on June 6th the bailiff will be there to lock them out."

**{¶12}** By journal entry, the trial court further ordered that the monies held with the clerk of court be paid to the Hashashes. It also dismissed the Hashashes' second cause of action for money damages because Food Mart paid the agreed amount of damages, pursuant to the settlement agreement. The trial court's decision was journalized on May 23, 2016.

**{¶13}** On May 31, 2016, Food Mart appealed the trial court's judgment of May 23, 2016.

**{¶14}** On the same date, Food Mart filed a motion for order of an emergency temporary stay of writ of restitution scheduled for June 3, 2016, pursuant to App.R. 7. Food Mart raised, for the first time, a theory that the Lease between the parties contained a holdover clause that permitted Food Mart to stay in the Premises for a year after the Lease expired on July 31, 2015. On June 1, 2016, the trial court denied Food Mart's motion.

**{¶15}** On June 1, 2016, Food Mart filed with this court a motion for order of an emergency temporary stay of writ of restitution scheduled for June 3, 2016, pursuant to App.R. 7. On June 2, 2016, this court granted the motion, effective upon the posting of a bond in the amount of $30,000.

## II. Food Mart's Assignment of Error

**{¶16}** Food Mart's sole assignment of error is as follows:

The trial court erred when it granted appellee a writ of restitution for June 6, 2016 and denied appellant's motion for a temporary restraining order and declaratory judgment.

**{¶17}** We find no merit to Food Mart's assignment of error.

**{¶18}** Settlement agreements are highly favored as a means for resolving disputes between parties because they serve to prevent or bring to a close additional litigation. *State ex rel. Wright v. Weyandt*, 50 Ohio St.2d 194, 197, 363 N.E.2d 1387 (1977). Trial courts have full authority to enforce settlement agreements that have been voluntarily entered into by the parties. *Mack v. Polson Rubber Co.,* 14 Ohio St.3d 34, 36, 470 N.E.2d 902 (1984).

**{¶19}** Food Mart admitted that it entered into a settlement agreement with the Hashashes that was placed on the record and memorialized in writing. Pursuant to the settlement agreement, Food Mart agreed that it would, among other things, vacate the Premises by May 22, 2016. Although it filed its motion for temporary restraining order in an attempt to obtain more time to remain in the Premises, Food Mart failed to move out of the premises by May 22, 2016.

**{¶20}** The trial court held a hearing on Food Mart's motion for temporary restraining order, along with the Hashashes' motions regarding enforcement of the settlement agreement and issuance of a writ of restitution. From the record below, we find that the trial court fully considered the arguments set forth by the parties in their briefs and at the hearing of May 23, 2016. The trial court held that there was a settlement agreement that it had to enforce and, therefore, ruled accordingly. The trial court properly found that the parties entered into a settlement agreement; that, pursuant to the settlement agreement, Food Mart agreed to move out of the Premises by May 22,

2016; and that Food Mart failed to do so. Thus, we find that the trial court properly exercised its discretion when it enforced the settlement agreement, issued the writ of restitution, and denied Food Mart's motion for temporary restraining order.

{¶21} On appeal, Food Mart argues that it was a holdover tenant with a legal right to tenancy through July 31, 2016, pursuant to the Lease. We find, however, that Food Mart failed to raise the issue until after the May 23, 2016 judgment that is being appealed. Arguments raised for the first time on appeal are generally barred. *Cawley JV, L.L.C. v. Walls St. Recycling L.L.C.,* 8th Dist. Cuyahoga No. 102121, 2015-Ohio-1846, ¶ 17. Food Mart's failure to raise the yearly holdover tenant argument until after the May 23, 2016 judgment deems the argument waived.[1]

{¶22} Even if we were to consider the yearly holdover argument, we would find no merit. The Lease contains the following language:

> If Lessees shall remain in possession of all or any part of the premises after the expiration of the term of this Lease or any renewal or extension hereof then Lessees shall be deemed a tenant of the premises from month-to-month at one and one-tenth times the most recent monthly rental installment payment by Lessees hereunder and subject to all the terms and provisions hereof, except as to the term of this Lease.

Food Mart admitted the Lease expired as of July 31, 2015. The Lease clearly sets forth that, upon expiration of the Lease, Food Mart was a month-to-month tenant, not a

---

[1] Food Mart filed a motion for leave to file an amended answer. The trial court failed to rule upon this motion and, therefore, it is deemed overruled. *Rieger v. Rieger,* 2d Dist. Montgomery No. 21784, 2007-Ohio-2366, ¶ 8. Food Mart's original answer, at paragraph two, admitted, "it entered the premises subject to the lease described in paragraph 2 thereof and that the lease converted to a month-to-month tenancy on or about July 31, 2015 [.]" Food Mart's admission is an additional bar to its yearly holdover tenant argument.

holdover tenant for a year.

**{¶23}** We find no error in the trial court's denial of the motion for temporary restraining order and declaratory judgment or the order issuing the writ of restitution.

**{¶24}** Food Mart's assignment of error is overruled.

**{¶25}** Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____
MARY J. BOYLE, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
EILEEN T. GALLAGHER, J., CONCUR