[Cite as *In re H.L.*, 2020-Ohio-6850.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

|                |     |                                           |
| -------------- | --- | ----------------------------------------- |
|                | :   |                                           |
|                | :   |                                           |
|                | :   |                                           |
| IN RE: H.L.    | :   | Appellate Case No. 2020-CA-9              |
|                | :   |                                           |
|                | :   | Trial Court Case No. 2018-JD-156          |
|                | :   |                                           |
|                | :   | (Appeal from Common Pleas                 |
|                | :   | Court – Juvenile Division)                |
|                | :   |                                           |
|                | :   |                                           |

. . . . . . . . . . .

O P I N I O N

Rendered on the 23rd day of December, 2020.

. . . . . . . . . . .

ELIZABETH HANNING SMITH, Atty. Reg. No. 0076701, Assistant Prosecuting Attorney, Champaign County Prosecutor's Office, Appellate Division, 200 North Main Street, Urbana, Ohio 43078
       Attorney for Appellee

JEFFREY T. GRAMZA, Atty. Reg. No. 0053392, 101 Southmoor Circle NW, Kettering, Ohio 45429
       Attorney for Appellant H.L.

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant H.L. appeals from an order of the Champaign County Family Court, which placed her in the court's custody and continued her probation because she was an unruly child due to truancy. Specifically, H.L. objects to the trial court's denial of her motion for a continuance of the dispositional hearing related to the unruly child/truancy complaint. H.L. filed a timely notice of appeal on March 17, 2020.

{¶ 2} In November 2018, an unruly child/truancy complaint was filed against H.L. in Case No. 2018 JD 156, and the trial court placed her in the court's diversion program. Based upon H.L.'s habitual truancy issues, the trial court removed her from the diversion program and held an initial hearing on May 20, 2019, at which time counsel was appointed to represent H.L. On June 11, 2019, a hearing was held before the trial court, during which H.L. admitted to being unruly due to truancy. Thereafter, the trial court adjudicated H.L. as being unruly due to truancy and placed her on Level I probation for the first semester of the 2019/2020 school year.

{¶ 3} On September 20, 2019, Champaign County Probation Officer Mackenzie Good filed a notice of H.L.'s first probation violation in this case. The probation violation stated that H.L. was not attending school as required by the terms of her Level I probation. At the probation violation hearing on October 25, 2019, H.L.'s counsel reported that H.L. had been seeing a psychiatrist and requested a continuance of the hearing in order for H.L. to receive a second opinion. The trial court granted H.L.'s request for a continuance. The trial court also ordered H.L. to attend school every day as scheduled or she would be placed in juvenile detention.

{¶ 4} When the hearing resumed on November 21, 2019, H.L.'s mother informed the trial court that H.L. had received a recommendation from a psychiatrist for H.L. to

attend a school avoidance program. However, both the trial court and H.L.'s mother agreed that H.L. should not attend the program because doing so would require her to miss additional school. At the same hearing, H.L. admitted to a new truancy charge in Case No. 2019 JD 169. In exchange for her admission, the trial court dismissed the first probation violation in Case No. 2018 JD 156. The trial court also adjudicated H.L. as an unruly child due to truancy and extended H.L.'s Level I probation through the end of the 2019/2020 school year.

{¶ 5} On February 3, 2020, a second complaint for a probation violation was filed against H.L. The probation violation related to H.L.'s continuing failure to attend school as required by her probation terms and court orders. A hearing was held on the probation violation on February 5, 2020, at which time H.L.'s appointed counsel informed the trial court that a conflict existed between H.L.'s expressed wishes and her own best interest. Therefore, H.L.'s counsel asked to be removed and for new counsel to be appointed. The trial court appointed new counsel on February 5, 2020, and scheduled another hearing to address the second probation violation on February 24, 2020. On February 12, 2020, a third complaint for a probation violation was filed against H.L.

{¶ 6} At the hearing on February 24, 2020, H.L. entered an admission to the second probation violation. The trial court accepted H.L.'s admission and found her in contempt of court for violating the terms of her probation. The State then recommended that H.L. be placed into the custody of the court and sent to a foster home. At this point, defense counsel requested a continuance of the dispositional hearing so that H.L. could obtain medical records that she believed would support a recommendation that she be admitted to a three-week school avoidance program. In support of H.L.'s request,

defense counsel claimed that H.L. had recently executed releases with the appropriate providers, but that those providers indicated that it would take approximately 30 days to supply the pertinent records. In response, the trial court noted that H.L. had been exhibiting issues with tardiness and unexcused absences since November 2018, without any improvement. The trial court also noted that the parties had previously discussed the school avoidance program at the November 2019 hearing, and they had determined that it was not appropriate for H.L. given her propensity for failing to attend school. Additionally, the trial court noted that it had already granted a continuance at the hearing on October 25, 2019, so that H.L. could obtain an evaluation for the school avoidance program that was ultimately rejected by the parties.

{¶ 7} Based upon exhibits provided by the State and the testimony of school personnel at the hearing, the trial court noted that, as of the date of the hearing, H.L. had been absent from school for approximately 333 hours (approximately 55 days out of 112 days) during the 2019/2020 school year. While some of H.L.'s absences were noted as excused, many of her absences were unexcused. The trial court also stated that, despite repeated court orders that H.L. attend school every day on time, she continued to be tardy and absent from school at a high rate. The trial court then placed H.L. in the custody of the court (i.e., in a foster home) and ordered her to continue on Level I probation.[1]

{¶ 8} It is from this judgment that H.L. now appeals.

---

[1] We note that the trial court did not explicitly overrule H.L's motion for a continuance. However, based upon the comments made by the trial court and the fact that it proceeded directly to disposition without ruling on the request, we find that the trial court impliedly overruled the motion. It is generally well-settled that "when a trial court does not specifically rule upon a motion, that motion is deemed to have been overruled." *Rieger v. Rieger*, 2d Dist. Montgomery No. 21784, 2007-Ohio-2366, citing *Schultz v. Schultz*, 2d Dist. Greene No. 2002-CA-122, 2003-Ohio-3061.

{¶ **9**} H.L.'s sole assignment of error is as follows:

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN DENYING A

REQUESTED CONTINUANCE OF THE DISPOSITION HEARING.

{¶ **10**} H.L. contends that the trial court abused its discretion when it overruled her

motion for a continuance prior to disposition regarding her probation violation.

{¶ **11**} The trial court has broad discretion to grant or deny a motion for a

continuance. *State v. Bones*, 2d Dist. Montgomery No. 26017, 2015-Ohio-784, ¶ 61. In

exercising its discretion, a trial court should consider "the length of the delay requested;

whether other continuances have been requested and received; the inconvenience to

litigants, witnesses, opposing counsel and the court; whether the requested delay is for

legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the

defendant contributed to the circumstance which [gave] rise to the request for a

continuance; and other relevant factors, depending on the unique facts of each case."

(Citation omitted.) *State v. Bocock*, 2d Dist. Montgomery No. 22481, 2008-Ohio-5641,

¶ 23.

{¶ **12**} "An abuse of discretion has been defined as an attitude that is

unreasonable, arbitrary or unconscionable." *AAAA Ents., Inc. v. River Place Community

Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). "It is to

be expected that most instances of abuse of discretion will result in decisions that are

simply unreasonable, rather than decisions that are unconscionable or arbitrary." *Id.*

{¶ **13**} As previously stated, defense counsel requested a continuance of the

February 24, 2020, dispositional hearing so that H.L. could obtain medical records that

she believed would support a recommendation that she be admitted to a three-week

school avoidance program.   In support of H.L.'s request, defense counsel claimed that H.L. had recently executed releases with the appropriate providers, but that the providers had indicated that it would take approximately 30 days to supply the pertinent records.

{¶ 14} In response, the trial court first noted the length of the pendency of H.L.'s case:

> The Court: I apologize.   I looked at the date wrong on this.   We've been dealing with this since November of 2018.   Not [20]'19.   So we went through the 18/19 school year and things kept going poorly.   And then in September of '19 for the 2019/2020 school [year] you just kept right down the same path.

Transcript, February 24, 2020 Hearing, p. 26.

{¶ 15} The trial court also observed that H.L. had been exhibiting issues with tardiness and unexcused absences since November 2018, without any improvement. The trial court then noted that the parties had previously discussed the school avoidance program at the November 21, 2019, hearing and had determined that the same program to which H.L. sought admittance in 2020 was not appropriate for H.L., given her propensity for truancy.   Additionally, the trial court noted that it had already granted a continuance in October 2019, so that H.L. could obtain an evaluation for the school avoidance program that was ultimately rejected by the parties.

{¶ 16} As to why the trial court did not believe the school avoidance program was a reasonable alternative, the trial court stated the following:

> The Court:   Okay.   I'd also note that in Exhibit B, in the one paragraph, while I understand the concern of [H.L.]'s mother, I do not believe that being

removed from traditional schooling is a sustainable solution. Rather, I recommend [H.L.], her mother, and school work together to collaboratively create a plan that supports [H.L.] as she attempts to reintegrate into school.

* * *

The Court: And we had a discussion in court about that. And at the time, [H.L.'s mother], you were in agreement with me. [H.L.] was starting to go to school and starting to do well and so we collectively decided no to the program because the best way for her to get used to school was to be there. And she was there doing well.

Tr., February 24, 2020, p. 16, 26.

{¶ 17} As previously stated, the trial court also noted that, as of the date of the hearing, H.L. had been absent from school for approximately 333 hours (approximately 55 days out of 112 days) during the 2019/2020 school year. While some of H.L.'s absences were excused, many of her absences were unexcused. The trial court also stated that, despite repeated court orders that H.L. attend school every day on time, she continued to be tardy and absent from school at a high rate. Lastly, the trial court noted that H.L. had incurred a third probation violation relating to her failure to attend school as ordered between her February 5, 2020, and February 24, 2020, hearings.

{¶ 18} Therefore, we conclude that the trial court did not abuse its discretion when it overruled H.L.'s motion for a continuance of the February 24, 2020, dispositional hearing. It is apparent from the record that the trial court's rationale for denying the request for a continuance was appropriate given the history of the case.

{¶ 19} H.L.'s sole assignment of error is overruled.

**{¶ 20}** The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and HALL, J., concur.

Copies sent to:

Elizabeth Hanning Smith
Jeffrey T. Gramza
Addie King
G.B.
Hon. Lori L. Reisinger